SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Nos. 3:21-cr-00052-IM |
| | 3:21-cr-00077-IM-2 |
| v. | |
| | **GOVERNMENT'S DETENTION** |
| **JOHNATHAN AVILA-SUAREZ**, | **MEMORANDUM** |
| **Defendant.** | |

Defendant is presently charged with drug charges in two separate cases. The first case (3:21-cr-00052-IM) he is charged with possession with intent to distribute heroin, methamphetamine, use of a communication facility to distribute controlled substances, maintaining a drug involved premises and felon in possession of a firearm. In a related case (3:21-cr-00077-IM-2) defendant is charged with two related drug conspiracies to commit drug offenses for his role as a local cell head for a Mexico-based drug trafficking organization. Both cases allege offenses that carry a presumption of detention. For the reasons that follow, the government recommends detention.

I.      **LEGAL STANDARDS**

The Bail Reform Act provides that defendants shall be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Where a defendant is charged with a controlled substances offense with a statutory maximum of more than 10 years' imprisonment, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(a)(e)(3)(A).

Even when rebutted, however, the presumption does not disappear; it continues to carry evidentiary weight. "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (internal quotations and citation omitted). Other relevant factors include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, history relating to drug or alcohol abuse, and supervision status at the time of the current offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.

The government bears the burden of establishing danger to the community by clear and convincing evidence; risk of flight need only be proved by a preponderance of the evidence.

*United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f). Accordingly, both the government and the defense may present evidence by proffer or hearsay. *Winsor*, 785 F.2d at 756. *See also United States v. Bibbs*, 488 F. Supp. 2d 925, 925-26 (N.D. Cal. 2007).

Each of the release factors weighs strongly in favor of pretrial detention in this case.

## II. APPLICATION TO THIS CASE

### A. *Nature and Circumstances of the Offense.*

Delivery of controlled substances is a serious offense. Defendant is charged with controlled substances offenses carrying a 10-year mandatory minimum sentence. At the time of his arrest, defendant is also alleged to have been in possession of a firearm. The Bail Reform Act directs courts to consider controlled substances offenses specifically when considering the nature and circumstances of the offense.

In October 2020, the DEA began investigating a Drug Trafficking Organization (DTO) suspected of importing methamphetamine, heroin, and counterfeit oxycodone pills suspected to contain fentanyl from Mexico into California, then destined for Distribution in Oregon and Washington. Over the course of the Investigation, Investigators obtained information about the DTO's operations from confidential sources, physical surveillance, electronic surveillance, controlled purchases of narcotics, and wiretaps of multiple phones used by suspected DTO members. As part of the investigation the DEA obtained authority to wiretap defendant's cellphone, and monitored communications where defendant conspired with others to distribute methamphetamine, heroin, and counterfeit oxycodone pills containing fentanyl.

On February 10, 2021, investigators monitored a communications involving defendant arranging to deliver 400 gross grams of heroin which were later seized from defendant's drug customer. The next day, investigators arrested defendant while he was in possession of over 130 gross grams of methamphetamine, 290 gross grams of heroin, over 60 gross grams of cocaine, over 120 gross grams of counterfeit oxycodone pills and a firearm. Investigators obtained a search warrant for defendant's apartment where they seized over 4,500 gross grams of heroin, over 190 gross grams of counterfeit oxycodone pills suspected to contain fentanyl, over 50 gross grams of cocaine, and another handgun. Some of the drugs were found in Avila's bedroom, and some of the drugs and the handgun were found in a codefendant's bedroom. During a post-Miranda interview, defendant admitted his role in the organization.

Heroin and counterfeit oxycodone pills are particularly dangerous and deadly controlled substances, and defendant's decision to sell these drug into the community is a serious crime that Congress sought to punish with harsh sanctions of 10-40 years' imprisonment.

This factor favors detention.

### B. Weight of the Evidence.

Here, defendant and his co-defendants, were storing drugs at motel rooms and apartments where they would take phone orders, break down the drugs and distribute them into the community for profit. Investigators used physical and electronic surveillance to monitor these drug transactions as defendant directed and controlled others to distribute the drugs.

The government's case is extremely strong consisting of physical evidence, electronic and physical surveilling including wiretap intercepts from defendant's phone. The drugs evidence seized at the time of his arrest and his post-arrest statement corroborated the drug related intercepts.

The evidence against defendant is strong, and this factor weighs in favor of detention.

C.  *Defendant's History and Characteristics.*

Defendant's criminal history dates back to 2011 when he was convicted for possessing cocaine and resisting arrest. His probation in that case was revoked and he was sentenced to 30 days jail. Later arrest history notes six allegations (without dispositions) for parole violations from 2012-2013.  In 2013, defendant has a conviction for criminal mischief and two more parole violations. In 2014, he was convicted for felony criminal mischief and another resisting arrest misdemeanor. In April 2017 his probation in that case was revoked and he was sentenced to 60 days jail and 1 year of post-prison supervision. In February 2018 he was convicted for possession of heroin (as a commercial drug offense), felon in possession of a firearm and sentenced to 18 months' imprisonment and 36 months of post-prison supervision.

Defendant's criminal history indicate he possesses drugs, illegally possesses firearms and fights with police. He has yet to successfully complete a period of supervision. His history indicates that he is unlikely to abide by any conditions of release, and that he has violated his other supervisions by committing new crimes.

This factor weighs in favor of detention.

D.  *Nature and Seriousness of the Danger Posed by Defendant's Release.*

If he is released, defendant will have a strong incentive to either return to dealing controlled substances, or flee the jurisdiction.

The DEA's investigation indicated that defendant supported himself by dealing drugs. Although he is a U.S. citizen and can lawfully work in this country, defendant's chose to support himself by dealing drugs, and facilitating others to do so as well. Defendant is responsible for the government seizing a large amount of drugs and with his minimal employment prospects over,

**Government's Detention Memorandum** **Page 5**

defendant will have a strong incentive to return to dealing illegal drugs so he can support himself and pay back the money owed to the organization.

This conundrum of poor employment prospects, and drug debt, along with the likelihood of conviction and a long prison sentence, defendant will have a strong motive to flee. Defendant's brother and roommate at the time of his arrest have both been indicted for their roles in the defendant's drug operation. The government is unaware if there is a living situation with sufficient strong immediate family bond that the Court can consider as an incentive to comply with the conditions of release. And even if there was, defendant's history of non-compliance is strong evidence that defendant will not abide by any conditions imposed.

For these reasons, this factor also weighs in favor of detention.

### III. CONCLUSION

For the reasons set forth above, defendant is a flight risk and a danger to the community, and no condition or combination of conditions will assure his future appearance, and the safety of the community. Defendant should be detained pending trial.

DATED: November 22, 2021.	Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Paul T. Maloney*
Paul T. Maloney, OSB #013366
Assistant United States Attorney