NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**ANDREW T. HO, OSB #185047**
Andrew.Ho@usdoj.gov
**STEVEN T. MYGRANT, OSB #031293**
Steven.Mygrant@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:21-cr-00052-IM-1 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JONATHAN AVILA-SUAREZ,** | |
| Defendant. | |

### Introduction

The defendant Jonathan Avila-Suarez worked as a sub-distributor of fentanyl, heroin, and methamphetamine for a Mexico-based drug-trafficking organization (DTO). This conduct allowed the Mexico-based DTO to profit from the sale of drugs in Oregon and other markets in the United States. The government agrees with the guideline calculation and criminal history computation as outlined in the PSR, however, the government also recommends that the Court

**Government's Sentencing Memorandum**                                                                                                                                                             **Page 1**

vary downward to achieve the same guideline range as if the PSR had used a methamphetamine mixture guideline calculation. As a result, the parties jointly recommend a mandatory minimum 120-month sentence of imprisonment to be followed by five years of supervised release and a $100 fee assessment.

I.   **FACTUAL BACKGROUND**

    A.   **The Offense Conduct**

In November and December of 2021, the Drug Enforcement Administration (DEA) conducted a long-term wiretap investigation into a Mexico-based DTO. Investigators identified the defendant Jonathan Avila-Suarez as an Oregon-based sub-distributor of the DTO.

On February 10, 2021, DEA investigators intercepted a call involving the defendant arranging for a 400 gram heroin delivery. Investigators observed the transaction occur at the defendants' motel room in Portland, Oregon, and subsequently seized 400 grams of heroin from the customer pursuant to a search warrant.

On February 11, 2021, investigators searched the defendant's apartment in Portland, Oregon, pursuant to a search warrant, and the defendant provided them with consent to search his luggage. Altogether, the search revealed large quantities methamphetamine, heroin and fentanyl for re-distribution. Investigators also recovered two firearms and various drug paraphernalia. The defendant admitted to possession of one of the firearms and the drugs.

    B.   **The Charges**

The defendant was charged with a five-count indictment, which included count two that charged the defendant with conspiracy to distribute methamphetamine in a quantity exceeding 500 grams, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). On January 25, 2023, the

defendant pleaded guilty to this offense. The government will dismiss the remaining charges and the charges in case number 3:21-cr-00077-IM as to this defendant at the time of sentencing.

C. **The Plea Agreement & Guideline Computations**

The defendant agreed to plead guilty to count two, and in exchange the government will, subject to the limitations set forth in the agreement, recommend that the defendant receive a three-level reduction for acceptance of responsibility. The parties agree to the following guideline calculation.

| Enhancement | Government's Position |
|---|---|
| Base Offense Level—USSG §2D1.1(c)(2) | 33 (not contested)[1] |
| Firearm—USSG §2D1.1(b)(1) | +2 (no contested) |
| Minor Role Adjustment—USSG §3B1.2 | -2 (not contested) |
| Acceptance of Responsibility—USSG §3E1.1 | -3 (not contested) |
| 3553(a) Factors | -3 (not contested) |
| **Final Offense Level** | **27, CHC V (120-150)** |

II. GOVERNMENT'S RECOMMENDED SENTENCE

Distribution of fentanyl, methamphetamine and heroin is a serious federal crime. Drug trafficking organizations profit from addiction and the human suffering that accompanies it. The defendant's distribution of drugs profited both himself and the DTO. Further, the defendant's possession of a firearm increased the risk of danger in his drug trafficking.

---

[1] The base offense level agreed to by the parties is based on using a methamphetamine mixture calculation instead of an actual methamphetamine calculation. The base offense level is also reduced from a 36 to a 33 based on the minor role adjustment. *See* USSG § 2D1.1(a)(5).

While agents did seize a significant quantity of drugs from the defendant's luggage and apartment, the investigation suggested the defendant served as a middleman and storage resource for larger transactions orchestrated by the Mexican-based DTO. The defendant did handle mid-size transactions for the DTO as evidenced by the 400 gram heroin transaction on February 10, 2021. However, the defendant also handled street-level transactions. The defendant appears to have used the funds he received on his own addiction and to support his living expenses. The defendant did not appear to accumulate assets or any wealth. Instead, the investigation revealed that the defendant acted at the direction of the DTO and held the quantity of drugs he did by virtue of his role in storing drugs for the DTO. Consequently, the government recommends a two-level mitigating-role adjustment per USSG §3B1.2.

Additionally, the parties jointly recommend a downward variance to a 120-month sentence of imprisonment followed by five-years of supervised release. The defendant did reach out to the government at an early stage and express an early willingness to plead guilty and jointly recommend a sentence of 120 months. After a review of the defendant's criminal history and the mitigation presented in the PSR about defendant's difficult childhood circumstances, the government believes a 120-month sentence of imprisonment is sufficient but not greater than necessary to accomplish the purposes of § 3553(a).

/ / /

/ / /

/ / /

/ / /

/ / /

III.   **CONCLUSION**

Based on the foregoing, the government recommends the Court impose a sentence of 120 months' imprisonment, followed by a five-year term of supervised release, subject to the conditions in the PSR, and a $100 fee assessment.

Dated: May 19, 2023

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ *Andrew T. Ho*
ANDREW T. HO, OSB #185047
STEVEN T. MYGRANT, OSB #031293
Assistant United States Attorneys